Magdalena Barbosa, Esq.
LEGAL SERVICES OF NEW JERSEY, INC.
100 Metroplex Drive, Suite 402
P.O. Box 1357
Edison, New Jersey 08818
(732) 572-9100
Attorneys for Plaintiffs

### UNITED STATES DISCTRICT COURT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| RONG CHEN, JIN MING LIN, ZHENG | : | DOCKET NO.: |
| SONG, LI XIAN JIANG, and | : | |
| JING FANG LUI, | : | |
| Plaintiffs, | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| vs. | : | |
| | : | |
| CENTURY BUFFET AND | : | |
| RESTAURANT, INC., YEN PANG | : | |
| YEUNG, KO FUNG YEUNG | : | |
| (a/k/a PETER), KAM CHUE LAM | : | |
| (a/k/a STEVEN), JOHN DOES 1-5 | : | |
| and ABC CORPORATIONS 1-5, | : | |
| Defendants. | : | |
| | : | |

### PRELIMINARY STATEMENT

1.   Plaintiffs are current and former waiters at Century Buffet, located in Clifton, New

Jersey.

2.   Plaintiffs were paid less than the minimum wage and never paid the proper overtime

wages.  A substantial portion of their rightfully earned tips were taken by the

Defendants.  Plaintiffs bring this action for minimum wage and overtime violations,

unlawful expropriation of tips pursuant to the Fair Labor Standards Act and the New

Jersey Wage and Hour Law, and Breach of Contract.

### JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 28 U.S.C. § § 1331 and 1337 and by 29

U.S.C. 216.  The Court has supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Newark District pursuant to 28 U.S.C. § 1391(b) and (c) in that

the unlawful actions complained of occurred in, and the records relevant to such

practices are maintained, in this District.

## PLAINTIFFS

5.      Plaintiff Rong Chen, whose full address is being withheld out of concern for her

personal safety, resides in New York City, County of New York, in the State of New

York.  Chen has been employed by Century Buffet as a waitress since in or around

October 2007.

6.      Plaintiff, Jin Ming Lin, whose full address is being withheld out of concern for his

personal safety, resides in New York City, County of New York, in the State of New

York.  Lin has been employed by Century Buffet as a waiter since in or around

February 2006.

7.      Plaintiff, Zheng Song, whose full address is being withheld out of concern for his

personal safety, resides in New York City, County of New York, in the State of New

York.  Song has been employed by Century Buffet as a waiter since in or around

December 2006.

8.      Plaintiff, Li Xian Jiang, whose full address is being withheld out of concern for her

personal safety, resides in Flushing, County of Queens, in the State of New York.

Jian was employed by Century Buffet as a waitress from in or around June 2006 until

in or around January 2007.  Li Xiao Jian was later reemployed by Century Buffet in or around May 2008 and is still presently employed there.

9.      Plaintiff, Jing Fang Lui, whose full address is being withheld out of concern for her personal safety, resides in Little Falls, County of Passaic, in the State of New Jersey. Lui was employed by Century Buffet as a waitress from in or around May 2006 until in or around December 2006.

## DEFENDANTS

10.     Upon information and belief, Century Buffet and Restaurant, Inc., ("Century Buffet") is a business entity that employed Plaintiffs during all times relevant to this action.

11.     The business address for Century Buffet is 166 Main Avenue, Clifton, New Jersey 07014.

12.     Upon information and belief, Defendant Yen Pang Yeung is the chief executive officer and owner of Century Buffet and resides in both New York and New Jersey.

13.     Upon information and belief, Defendant Yen Ko Fung (a/k/a PETER) is the owner and general manager of Century Buffet and resides in New Jersey.

14.     Upon information and belief, Defendant Kam Chue Lam (a/k/a STEVEN) is a manager of Century Buffet and resides in New Jersey.

15.     Steven acted as Manager to Plaintiffs during the time period relevant to this action.

16.     John Does 1-3 are fictitious names for individuals who may have operated as employers of plaintiff during the time period relevant to this action.

17.     ABC Corporations 1-3 are fictitious names for business entities that may have operated as employers of plaintiff during the time period relevant to this action.

## STATEMENT OF FACTS

18.     Rong Chen, Jin Ming Lin, Zhen Song, Li Xian Jiang, and Jing Fang Lui (hereinafter "Plaintiffs") perform various work duties for Century Buffet, including taking food and drink orders, serving food and drinks, cleaning tables, refilling condiments and sauces, preparing food, and cleaning bathrooms.

19.     During the course of Plaintiffs' employment, Defendants regularly instruct Plaintiffs regarding their work duties.

20.     Plaintiffs are paid solely in the form of gratuities.

21.     Plaintiffs pool and share all of their cash gratuities amongst all the wait staff and Defendant Kam Chue Lam.

22.     Plaintiffs are allowed to keep only a fraction of their credit card gratuities.

23.     Defendant deduct sixteen percent from the total amount earned in credit card gratuities and then deducts another $27 each Monday through Thursday or $45 each Friday to Sunday from that amount.

24.     After these deductions are taken, Plaintiffs pool and share the remaining amount of credit card gratuities.

25.     If Plaintiffs do not make enough in credit card gratuities to pay for these deductions, Defendants will then deduct from Plaintiffs' cash gratuities.  The remaining cash gratuities are then required to be pooled and divided by the Plaintiffs and Defendant Kam Chue Lam.

26.     Despite working over seventy hours per week, Plaintiffs have never been paid overtime.

27.    Before Plaintiffs began employment, Defendants promised to provide transportation

free of charge between New York City and Clifton, New Jersey.  Despite this

agreement, Defendant charge Plaintiffs between $5 and $6 per person on a daily basis

for such transportation.

28.    Defendants did not provide uniforms, but instead, required Plaintiffs to purchase their

own uniforms at a cost of $50 per uniform.

29.    Plaintiffs are required to pay to have their uniforms cleaned on a regular basis.

Minimum Wage and Tip Credit Allowance

30.    Both the FLSA and the New Jersey Wage and Hour Law require that employees be

paid the minimum wage.  29 U.S.C. § 206, N.J.S.A. §34:11-56(a).

31.    Defendants did not notify Plaintiffs of the minimum wage provisions of the FLSA.

32.    Section 3(m) of the Fair Labor Standards Act permits an employer to claim a tip

credit, which means that in computing the minimum wage to be paid to an employee,

an employer can reduce the employee's hourly wage by a certain statutorily decreed

amount.  A tip credit shall not apply to any tipped employee unless (1) such employee

has been informed that the employer is taking the credit and (2) the employee actually

retains all the tips he or she received, unless properly pooled with other tipped

employees.  The employer must also inform each employee that a minimum wage is

required by law and must inform each employee of the dollar amount of the minimum

wage.

33.    The Defendants never informed Plaintiffs of the tip credit allowance or of the

Defendants' intent to take advantage of the provision of the labor laws.  Nor did the

Defendants ever inform Plaintiffs of the minimum wage requirement under federal law.

34.    As described above, Plaintiffs were not permitted to retain all of the tips they actually received.

35.    Defendants, therefore, do not pay Plaintiffs the full minimum wage.

Overtime Pay

36.    Federal and New Jersey State require that Defendants pay overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 per week.  29 U.S.C § 207, N.J.S.A. 34:11-56a4.

37.    Defendants have not paid Plaintiffs overtime pay at one-and-a-half times their regular rate.

Failure to Post the Notices and Maintain Records Required by Law

38.     The FLSA requires that employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined.  29 U.S.C. § 203(m).

39.    The FLSA and New Jersey Wage and Hour Law also require an employer to maintain in the workplace a display containing notices of employees' right to receive the minimum wage and overtime rate of one-and-a-half their regular rate.  29 C.F.R. § 516.4.

40.    During the time that Plaintiffs have been employed by Defendants, Defendants have not maintained in the workplace a display containing notices of employees' right to receive the minimum wage and overtime payment at a rate of one-and-a-half times their regular rate.

41.   Finally, Defendants failed to keep full and accurate records of Plaintiffs' hours and

wages in violation of the FLSA and the New Jersey Wage and Hour Law.  29 U.S.C. §

211(c); N.J.A.C. 34:11-56a22.

**First Cause of Action**

**New Jersey Wage and Hour Law**

42.   Plaintiffs reallege and incorporate by reference each and every allegation contained in

the preceding paragraphs as if set forth fully herein.

43.   Plaintiffs were "employees" within the meaning of the New Jersey Wage and Hour

Law at all times relevant to this action, pursuant to N.J.S.A. §34:11-56(a)(1).

44.   Defendants were "employers" within the meaning of the New Jersey Wage and Hour

Law at all times relevant to this action, pursuant to N.J.S.A. §34:11-56(a)(1).

45.   Defendants violated the rights of Plaintiffs under the New Jersey Wage and Hour

Law, N.J.S.A. §34:11-56(a) et seq., by failing to pay minimum wage and overtime for

the hours worked in addition to 40 hours per week.

46.   Defendants violated the New Jersey Wage and Hour Law by failing to keep full and

accurate records of Plaintiffs' hours and wages in violation of the New Jersey Wage

and Hour Law.  N.J.A.C. 34:11-56a22.

47.   As a direct consequence of Defendants' violations of the New Jersey Wage and Hour

Law, Plaintiffs suffered substantial injury.

48.   Plaintiffs may maintain a private right of action and appeal against Defendants under

N.J.S.A. §34:11-56(a)(25) to recover the amount of their unpaid minimum and

overtime, plus costs and reasonable attorney's fees.

**Second Cause of Action**

**Fair Labor Standards Act**

49.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

50.   Plaintiffs were "employee" within the meaning of the Fair Labor Standards Act at all times relevant to this action, pursuant to 29 U.S.C. § 201-219.

51.   Defendants were "employers" within the meaning of the Fair Labor Standards Act at all times relevant to this action, pursuant to 29 U.S.C. § 201-219.

52.   Defendants violated Plaintiffs' rights, in a willful violation, under the Fair Labor Standards Act, 29 U.S.C. §201-219, *inter alia*, by failing to pay minimum wage and overtime for all hours worked, pursuant to 29 U.S.C. §201-21

53.   Defendants willfully violated the FLSA by forcing Plaintiffs to pay "kick-backs" to the employer, which brought Plaintiffs' wages below the minimum wage.   29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

54.   Defendants willfully violated the FLSA by forcing Plaintiffs to buy uniforms and pay for the cleaning of their uniforms, which brought their wages below the minimum wage.  29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.5.

55.   Defendants willfully violated the FLSA by failing to post notices of employees' right to receive the minimum wage and overtime rate of one-and-a-half their regular rate. 29 C.F.R. § 516.4.

56.   As a direct consequence of Defendants' violations of the Fair Labor Standards Act, Plaintiffs suffered substantial injury.

57.     As a consequence of the Fair Labor Standards Act violations described in this count, Plaintiffs are entitled to recover the amount of unpaid minimum wages and overtime due and owing, an equal amount as liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. §216(b).

### Third Cause of Action

### Breach of Contract

1.      Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

2.      Plaintiffs and Defendants entered into an oral contract wherein Defendants promised Plaintiffs they would be able to retain their tips.

3.      Defendants breached their employment contract by appropriating Plaintiffs' tips.

4.      Plaintiffs and Defendants entered into an oral contract wherein Defendants promised to provide free transportation to Plaintiffs to and from their homes in New York City to work each day.

5.      Defendants breached their employment contract with the Plaintiffs by failing to provide transportation free of charge between New York City and Clifton, New Jersey.  Defendants breached the contract of employment and the covenant of good faith and fair dealing by failing to comply with the promised terms and conditions of employment.


**WHEREFORE** the Plaintiffs demand judgment against the Defendants for:

a.   Compensatory damages for the breach of contract;

b.   Unpaid state and federal minimum and overtime wages;

c.  Liquidated damages equal to the unpaid federal minimum and overtime wages;

d.  Attorney's Fees and Costs;

e.  For such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED,
LEGAL SERVICES OF NEW JERSEY
Attorneys for Plaintiffs

DATED:  April 9, 2009            By:  ____/s/_____

Magdalena Barbosa, Esq.
Legal Services of New Jersey
100 Metroplex Drive at Plainfield Ave.
P.O. Box 1357
Edison, New Jersey 08818-1357
(732) 572-9100
mbarbosa@lsnj.org