UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONG CHEN, et al.,

            Plaintiffs,

           v.

CENTURY BUFFET AND
RESTAURANT, et al.,

           Defendants.

Civil Action No. 09-1687 (SRC)

**OPINION & ORDER**

**CHESLER, U.S.D.J.**

     This matter comes before this Court on the motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Millennium Building and Land Inc. ("Millennium.")[1]  For the reasons stated below, the motion will be granted.

     This case arises from a dispute between a group of restaurant employees and their employer.  The Amended Complaint alleges that Millennium owns the real property which the employer, Century Buffet, occupies.  In brief, the Amended Complaint asserts that Millennium is liable as an alter ego of Century Buffet.  Millennium has moved to dismiss the Amended Complaint on the ground that it fails to plead sufficient facts to raise the right to relief against Millennium above the speculative level.  This Court agrees.

     In addition to alleging that Millennium owns the property occupied by Century Buffet, the Amended Complaint makes only these factual allegations in support of an alter ego theory:

> Upon information and belief, Millenium is the alter ego of the other corporate defendants in that the principals and/or shareholder of Century Buffet and

---

[1] The Amended Complaint spells Defendant's name as "Millenium."

>Restaurant Inc. and/or Century Buffet Grill LLC are principals of Millenium and Century Buffet and Restaurant Inc. and/or Century Buffet Grill LLC take corporate tax deductions for depreciation as a result of the ownership of the property.

(Am. Compl. ¶ 16.)  The question before this Court is whether this is sufficient to raise the right to relief against Millennium above the speculative level, applying the standard established by the Supreme Court in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007):

>While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Millennium points to the alter ego inquiry set forth by the Third Circuit in Stardyne, Inc. v. NLRB, 41 F.3d 141, 151 (3d Cir. 1994), in which the Court inquired whether the business and the alter ego share "'substantially identical' management, business purpose, operation, equipment, customers, and supervision, as well as ownership."  Plaintiffs contend, correctly, that the Third Circuit applies a flexible approach to the alter ego analysis.  Even flexible approaches, however, must comport with the pleading requirements of Twombly.  The factual allegations in the Amended Complaint do little to make plausible a theory that Millennium is the alter ego of Century Buffet.

The Supreme Court's analysis in Howard Johnson Co. v. Detroit Local Joint Executive Board, 417 U.S. 249, 261 (1974), provides a useful contrast:

>It is important to emphasize that this is not a case where the successor corporation is the "alter ego" of the predecessor, where it is "merely a disguised continuance of the old employer."  Such cases involve a mere technical change in the structure or identity of the employing entity, frequently to avoid the effect of the labor laws, without any substantial change in its ownership or management.  In these

  circumstances, the courts have had little difficulty holding that the successor is in
  reality the same employer and is subject to all the legal and contractual obligations
  of the predecessor.

The key concept here is that, in an alter ego relationship, one entity is a disguised form of the other. Although the instant Amended Complaint does not allege that one of the business entities is the successor to the other, it does not make plausible a theory that Millennium is a disguised form of Century Buffet, or that the principals of the two entities are engaging in a form of subterfuge for some illegal purpose. The allegation that two businesses share principals, and that one business has taken tax deductions that might be expected to be taken by the other, is not sufficient to make plausible an alter ego relationship.

  This is, after all, a case grounded in the obligations of an employer to its employees. The Amended Complaint fails to make plausible any theory that the employer here attempted to evade its legal obligations to its employees through its relationship with Millennium.

  Millennium has shown that the Amended Complaint fails to state a valid claim for relief against it, and its motion to dismiss for failure to state a valid claim will be granted. As to Defendant Millennium only, the Amended Complaint will be dismissed without prejudice. Plaintiffs will be granted leave to amend the Amended Complaint to replead the allegations against Millennium within 30 days of the entry of this Order.

  For these reasons,

  **IT IS** on this 14th day of December, 2010

  **ORDERED** that Defendant's motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 58) is **GRANTED**, and, as to Defendant Millennium only, the Amended Complaint is

hereby **DISMISSED** without prejudice; and it is further

  **ORDERED** that Plaintiff is granted leave to amend the Amended Complaint within 30 days of the date of entry of this Order.

                     s/ Stanley R. Chesler
                     STANLEY R. CHESLER, U.S.D.J.