UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RONG CHEN, et al., | : | |
| | : | Civil Action No. 09-1687 (SRC) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| CENTURY BUFFET AND RESTAURANT, et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Third Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Millennium Building and Land Inc. ("Millennium.")  For the reasons stated below, the motion will be granted.

On December 14, 2010, this Court granted Millennium's previous motion to dismiss the Amended Complaint for failure to state a claim, and granted Plaintiffs leave to amend the Amended Complaint to replead the allegations against Millennium.  Millennium now moves to dismiss the Third Amended Complaint.

In brief, Millennium contends that Plaintiffs' claims against it require an employer/employee relationship, and Plaintiffs have not alleged that Millennium is their employer.  Millennium asserts that there is no legal basis for using an alter ego theory to hold Millennium liable under the Fair Labor Standards Act ("FLSA") or the New Jersey Wage and Hour Law ("NJWHL.")

In response, Plaintiffs do not contend that Millennium employed any Plaintiffs or acted as

an employer. Nor do Plaintiffs point to any provisions in the FLSA or NJWHL which might be interpreted so as to render Millennium liable. Instead, Plaintiffs look to various cases to persuade this Court that it may use its equitable powers to create alter ego liability under these statutes. Plaintiffs cite no case, however, in which any court has ever done so.

Plaintiffs first cite American Bell, Inc. v. Federation of Tel. Workers, 736 F.2d 879, 886-887 (3d Cir. 1984) (citation omitted), in which, discussing veil piercing, the Third Circuit stated: "We have suggested that there may be a less precise notion that the corporations simply acted interchangeably and in disregard of their corporate separateness." Setting aside the fact that, in the next sentence, the Third Circuit qualified this by saying that "specific, unusual circumstances" were also required, the Third Amended Complaint does not allege that Millennium and Century Buffet acted interchangeably in any way relevant to these claims. Id. at 887. The Third Amended Complaint does not allege, for example, that Millennium sometimes paid wages to Plaintiffs. This Court need not reach the question of whether American Bell supports Plaintiffs' alter ego theory, because, even if it did, the Third Amended Complaint does not allege any facts that could support finding that the entities acted interchangeably in regard to the subject matter of these claims.

Plaintiffs next cite State, Dept. of Environmental Protection v. Ventron Corp., 94 N.J. 473, 501 (1983), a veil piercing case in which the New Jersey Supreme Court stated: "Even in the presence of corporate dominance, liability generally is imposed only when the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." The Third Amended Complaint does not allege that Millennium and Century Buffet have a parent/subsidiary relationship. Moreover, the Third

Amended Complaint states no facts to support the idea that Millennium used Century Buffet (or vice versa) to evade the FLSA or NJWHL. There is nothing in the Third Amended Complaint which suggests that the relationship between Millennium and Century Buffet played any role in the alleged underpayment of wages to Plaintiffs.

Such is also the case with Plaintiffs' citation of Culbreth v. Amosa, Ltd., 898 F.2d 13, 15 (3d Cir. 1990), an alter ego case in which the Third Circuit discussed "puppet-like" control of one entity by another. Plaintiffs overlook the fact that, in the previous sentence, the Third Circuit stated:

> [I]t is nevertheless plain that Pennsylvania, like New Jersey, does not allow recovery unless the party seeking to pierce the corporate veil on an alter-ego theory establishes that the controlling corporation wholly ignored the separate status of the controlled corporation and so dominated and controlled its affairs that its separate existence was a mere sham.

Id. at 14. The Third Amended Complaint does not allege facts which would support finding that Millennium so dominated and controlled Century Buffet that its separate existence was a mere sham.

This Court finds that it need not reach the question of the validity of the legal theories advanced by Plaintiffs to find alter ego liability under the FLSA or NJWHL.[1] The Third Amended Complaint does not allege sufficient facts to support any of the alter ego or veil piercing legal theories offered by Plaintiffs. The Third Amended Complaint alleges no facts which could link Millennium in any way to the alleged violations of the FLSA or NJWHL by Century Buffet.

---

[1] The Court observes, however, that both the FLSA and NJWHL are statutes, and that Plaintiffs have made no demonstration of any legislative intent to create an alter ego theory of liability under these statutes. Absent such a demonstration, this Court is not inclined to break new ground and create such a cause of action.

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Third Amended Complaint does not state enough facts to state a plausible claim against Millennium for liability under the FLSA or NJWHL. Plaintiffs' opposition brief does not assert that Plaintiffs have claims against Millennium under any other law. Millennium's motion to dismiss the Third Amended Complaint will be granted.

Plaintiffs have now filed one original complaint and three amended complaints. This Court has now twice granted Millennium's motion to dismiss for failure to state a valid claim. The Court concludes that further amendment of the Complaint would be futile. As to Defendant Millennium only, the Third Amended Complaint will be dismissed with prejudice.

For these reasons,

**IT IS** on this 21st day of April, 2011

**ORDERED** that Defendant's motion to dismiss the Third Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 74) is **GRANTED**, and, as to Defendant Millennium only, the Amended Complaint is hereby **DISMISSED** with prejudice.

   s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.