<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONG CHEN, et al., : | |
| : | |
| Plaintiffs, : | |
| : | **Civil Action No. 09-1687 (SRC)** |
| v. : | |
| : | **OPINION** |
| CENTURY BUFFET AND : | |
| RESTAURANT, et al., : | |
| : | |
| Defendants. : | |
| : | |

<u>CHESLER</u>, District Judge

This matter comes before the Court upon Plaintiffs' motion to dismiss Defendants' counterclaims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) [docket entry 79]. Defendants have opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Plaintiffs' motion to dismiss.

I.   BACKGROUND

This case arises from a dispute between a group of restaurant employees and their employer. Plaintiffs worked at Century Buffet and Restaurant as wait staff at various times from January 2006 until the restaurant closed in December 2010. According to Plaintiffs' Third Amended Complaint ("Complaint"), Plaintiffs were never paid the minimum wage or proper overtime wages, and a substantial portion of their earned tips were taken by the Defendants. As

such, Plaintiffs bring this action for minimum wage and overtime violations and unlawful expropriation of tips pursuant to the Fair Labor Standards Act and the New Jersey Wage and Hour Law. In the Complaint, Plaintiffs additionally assert breach of contract, conversion, and discrimination claims.

In their answer to Plaintiffs' Complaint, filed on February 28, 2011, Defendants included counterclaims against Plaintiffs for defamation, breach of duty of loyalty, tortious interference with a business relationship, prima facie tort, and intentional infliction of emotional distress; state law claims all arising out of Plaintiffs' weekly protests and dissemination of allegedly harmful fliers outside of Century Buffet Restaurant in Clifton, New Jersey. In response, Plaintiffs filed the instant motion to dismiss Defendants' counterclaims based on lack of subject matter jurisdiction.

## II.  LEGAL ANALYSIS

This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Plaintiffs challenge subject matter jurisdiction based on the face of the pleading, meaning that based on the claims pled and parties named, Defendants fail to establish that this Court has subject matter jurisdiction over their counterclaims. *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002). As such, the Court must consider whether the factual allegations of Defendants' pleading, taken as true, are sufficient to invoke jurisdiction. *Id.* at 300. The Defendants bear the burden of persuasion to show subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

Plaintiffs contend that Defendants' counterclaims are permissive, requiring this Court to have an independent basis of federal jurisdiction over them, which this Court is lacking. Rule 13 establishes two kinds of counterclaims: compulsory and permissive. Fed. R. Civ. P. 13. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). A compulsory counterclaim does not require an independent jurisdictional basis to be brought in federal court, even when it is purely a state-law claim. *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 988 (3d Cir. 1984). A permissive counterclaim, on the other hand, requires a basis of federal jurisdiction independent of the opposing party's claim. *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975). A permissive counterclaim is broadly defined to include "any claim that is not compulsory." Fed. R. Civ. P. 13(b).

Plaintiffs' claims arose when Defendants failed to pay them wages or overtime, and when they withheld tips. The Defendants counterclaim that Plaintiffs' continual picketing and dissemination of fliers with false information constitute violations of state law. Thus, it is clear that the Defendants' counterclaims arose from Plaintiffs' protests and defamatory statements and not from Defendants' failure to pay them, which was the underlying factual transaction giving rise to the Plaintiffs' cause of action. Accordingly, the Defendants' counterclaims are permissive.

Because Defendants' counterclaims are permissive, this Court must analyze whether it has an independent basis of federal jurisdiction over them. It is undisputed that Plaintiff Jing Fang Lui and Defendant Century Buffet and Restaurant are citizens of New Jersey, rendering subject matter jurisdiction pursuant to 28 U.S.C. § 1332 inapplicable. *Strawbridge v. Curtiss*, 7

3

U.S. 267, 267 (1806) (interpreting the precursor to Section 1332(a) to require complete diversity); *Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir. 1993) (requiring all of the parties on one side of the action to be of different states than those parties on the other side of the controversy for jurisdiction to attach under section 1332).  In addition, Defendants have not stated any federal claims, ruling out jurisdiction pursuant to 28 U.S.C. § 1331.  This leaves only pendent jurisdiction.  Adjudication of a pendent state law claim is not a matter of right, but of discretion.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (stating "that pendent jurisdiction 'is a doctrine of discretion, not of [] right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons").  This case does not present any circumstances which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).  Accordingly, the Plaintiffs' motion to dismiss will be granted.

### III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiffs' motion to dismiss Defendants' counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  An appropriate form of order will be filed together with this Opinion.

                                                                        s/Stanley R. Chesler
                                                                        STANLEY R. CHESLER
                                                                       United States District Judge

DATED: June 29, 2011