<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONG CHEN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CENTURY BUFFET AND<br>RESTAURANT, et al.,<br><br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

　　　　　　　　　　　　**Civil Action No. 09-1687 (SRC)**

　　　　　　　　　　　　　　**OPINION**

<u>**CHESLER**</u>, District Judge

　　　　This matter comes before the Court on motion for partial summary judgment by Plaintiffs [docket entry 93] pursuant to Federal Rule of Civil Procedure 56(a).  Defendants Century Buffet and Restaurant, Inc., Best Century Buffet Inc., Century Buffet Grill LLC, Yen Pang Yeung, and Ko Fung Yeung ("Defendants") have opposed the motion.  The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, Plaintiffs' motion for partial summary judgment will be granted in part and denied in part.

**I.　BACKGROUND**

　　　　This case arises from a dispute between a group of restaurant employees and their employer.  Plaintiffs worked at Century Buffet and Restaurant as wait staff at various times from January 2006 until the restaurant closed in December 2010.  According to Plaintiffs' Third

Amended Complaint ("Complaint"), Defendants never paid Plaintiffs minimum wages or proper overtime pay and unlawfully expropriated their tips, in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").  Plaintiffs additionally assert claims of breach of contract, conversion, and discrimination in their Complaint.  Plaintiffs now move for summary judgment on their FLSA, NJWHL, and conversion claims.[1]

## II.   LEGAL ANALYSIS

### A.    Standard of Review

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

---

[1]  In their opposition brief, Defendants challenge this Court's subject matter jurisdiction over the case, arguing that Plaintiffs have failed to plead and prove individual or enterprise coverage, as required in order to assert a claim under the FLSA.  In response, Plaintiffs have submitted documentary evidence of the enterprise coverage theory, - tax returns from September 6, 2007 through December 31, 2009 of the various corporate Defendants - which sufficiently shows that Century Buffet and Restaurant was an enterprise engaged in interstate commerce whose annual gross revenue exceeded $500,000.  *See* 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

**B.    Discussion**

1.    Plaintiffs' Fair Labor Standards Act and New Jersey Wage and Hour Law Claims

a.    *Plaintiffs' "Employer"*

While it is undisputed that Plaintiffs were employed by Century Buffet and Restaurant from January 2006 to December 2010, in their motion for summary judgment, Plaintiffs aver that Defendants Yen Pang Yeung and Ko Fung Yeung ("Peter Yeung") were joint employers, rendering them individually liable under the FLSA and NJWHL.[2]  Only a party who is an employer as defined by the FLSA and NJWHL can be liable for any alleged violation of the statutes.  *Id.*  The definitions for "employer" and "employee" under the FLSA and NJWHL are virtually identical.  *Id.*; *see* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."); 29 U.S.C. § 203(e)(1) ("'Employee' means any individual employed by an employer."); N.J.S.A. § 34:11-56a1(g) ("'Employer' includes any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to any employee."); N.J.S.A. § 34:11-56a1(h) ("'Employee' includes any individual employed by an employer.").  When determining whether an employment relationship exists under the statutes,

---

[2]  Because neither party has disputed the employer status of Defendants Best Century Buffet Inc. and Century Buffet Grill LLC, both entities will be considered employers of Plaintiffs, liable under the FLSA and NJWHL.

courts must consider the totality of the circumstances and look to the "economic realities" of the

relationship.  *Chen v. Domino's Pizza, Inc.*, No. 09-107, 2009 U.S. Dist. LEXIS 96362 at *11

(citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).  Under the economic

realities test, the Third Circuit requires courts to weigh the following six factors:

> 1) [T]he degree of the alleged employer's right to control the manner in which the
> work is to be performed; 2) the alleged employee's opportunity for profit or loss
> depending upon his managerial skill; 3) the alleged employee's investment in
> equipment or materials required for his task, or his employment of helpers; 4)
> whether the service rendered requires a special skill; 5) the degree of permanence
> of the working relationship; 6) whether the service rendered is an integral part of
> the alleged employer's business.

*Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 471 (D.N.J. 2000) (citing *Donovan v.*

*DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985)); *see Shakib v. Back Bay Rest.*

*Grp., Inc.*, No. 10-4564, 2011 U.S. Dist. LEXIS 112614 at *8 n.2 (D.N.J. Sept. 30, 2011) (same

analysis used to determine whether a defendant is an employer under the FLSA and NJWHL).

The presence or absence of any specific factor is not dispositive as courts must examine the

circumstances as a whole to determine whether the economic realities indicate that an

employment relationship exists.  *Id.*

      Because of the fact-intensive nature of the inquiry, an employer determination can rarely

be made on summary judgment.  *Tan v. Mr. Pi's Sushi, Inc.*, No. 09-1579, 2010 U.S. Dist.

LEXIS 134769 at *6 (D.N.J. Dec. 21, 2010) (citing *Barfield v. New York City Health and Hosps.*

*Corp.*, 537 F.3d 132, 144 (2d Cir. 2008)).  Indeed, "[w]hether a person or corporation is an

employer or joint employer is essentially a question of fact."  *Zavala v. Wal-Mart Stores, Inc.*,

393 F. Supp. 2d 295, 329 (D.N.J. 2005) (quoting *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669

(5th Cir. 1968).  In this case, the pleadings, depositions, and affidavits filed by the parties reveal

that there is a genuine issue of material fact as to whether Defendants Yen Peng Yeung and Peter Yeung were Plaintiffs' employers.  There are contested issues of fact as to whether Defendant Yen Peng Yeung possessed and exercised operational control and policy-making authority over Plaintiffs.  *See Dole v. Solid Waste Servs., Inc.*, 733 F. Supp. 895, 923 (E.D. Pa. 1989) (holding that a person who dominates control over a corporation or who has the power to act on behalf of the corporation vis-a-vis its employees in an employer under the FLSA).  Furthermore, the parties have provided contradictory evidence regarding Defendant Peter Yeung's control and authority at various points in time over the hiring and firing employees and over the setting of employment policies, employee wages and hours, and employee schedules.  The contrasting evidence requires a credibility determination, which is inappropriate at the summary judgment stage.  *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010).  This Court's task at this point in the litigation is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party."  *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010).  As such, because a genuine issue of material fact exists as to whether Defendants Yen Peng Yeung and Peter Yeung were joint employers, Plaintiffs' motion for summary judgment on their FLSA and NJWHL claims as to Yen Peng Yeung and Peter Yeung will be denied (the Court will hereinafter refer to Defendants Century Buffet and Restaurant, Inc., Best Century Buffet Inc., and Century Buffet Grill LLC as "employer-Defendants" in order to distinguish them, where relevant, from Defendants Yen Pen Yeung and Peter Yeung).

b.      *Statutes of Limitations*

Plaintiffs move for summary judgment for uncompensated overtime and minimum wage earned during the four years they were employed with the employer-Defendants, from January 2006 to December 2010. Claims brought pursuant to the FLSA and NJWHL must be filed within two years of the date of accrual of an alleged violation, unless the violation is willful, which extends the limitations period to three years.[3] 29 U.S.C. § 255(a). Therefore, at a minimum, Plaintiffs' claims for overtime and minimum wages earned within the two years immediately prior to their filing the Complaint on April 9, 2009, are timely. *See Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001). Accordingly, Plaintiffs' FLSA and NJWHL claims accruing on or after April 9, 2007 may proceed.

The Court must now address the question of whether Plaintiffs' FLSA and NJWHL claims, which accrued from January 2006 through April 9, 2007, are barred by § 255. According to Plaintiffs, the statutes of limitations should be equitably tolled based on the employer-Defendants' conduct. Specifically, Plaintiffs argue that the employer-Defendants' failure to post a poster appraising them of their minimum wage and overtime pay rights, as required by the United States Department of Labor, warrants tolling.

The equitable tolling doctrine applies in three principal situations in this circuit. *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992). First, "[if] the defendant has actively misled the plaintiff." *Id.* Second, "if the plaintiff has 'in some extraordinary way' been

---

[3] While Plaintiffs allege that the three year statutes of limitations are applicable since the employer-Defendants wilfully violated the FLSA and NJWHL, this Court will not render judgment on this issue since Plaintiffs' claims arising before April 9, 2007 are entitled to equitable tolling.

7

prevented from asserting his rights." *Id.* And third, "if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id.* The Third Circuit has explained that because federal regulations require all employers to display posters advising employees of their minimum wage and overtime pay rights, "an employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations." *Henchy*, 148 F. Supp. 2d at 439; *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) (citing *Bonham v. Dresser Indus.*, 569 F.2d 187, 193 (3d Cir. 1978)); *see* 29 C.F.R. § 516.4. Here, Plaintiffs have testified that the employer-Defendants failed to post the requisite notice. In response, employer-Defendants simply allege that they placed posters in the restaurant but have not offered any evidence to support this contention nor provided any testimony as to the written contents of the alleged posters and whether or not they apprised Plaintiffs of their rights. This Court finds the employer-Defendants' additional argument - that tolling should be precluded because Plaintiffs were "aware of the requirements of the FLSA" based on their previous employment in other restaurants - unpersuasive. (Defs.' Opp'n Mot. at 17.) As the Third Circuit explained in *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 308 (3d Cir. 1983), a plaintiff's contemporaneous suspicion as to the legality of his employer's action does not in itself preclude the invocation of equitable tolling. Accordingly, Plaintiffs have demonstrated that they are entitled to equitable tolling on their FLSA and NJWHL claims for unpaid overtime and minimum wages arising between January 2006 and April 9, 2007. *See Kamerns*, 586 F. Supp. at 328.

    c.  *FLSA Claims*

   Plaintiffs move for summary judgment on their FLSA claims, averring that the employer-Defendants failed to pay them minimum wages and overtime throughout the entirety of their

employment.  Employer-Defendants do not contest that, up until August 2009, they violated the FLSA by failing to pay Plaintiffs minimum wage or overtime.  As such, this Court grants Plaintiffs summary judgment as to liability on their FLSA claims from January 2006 to August 2009.  The Court must now, however, determine whether the employer-Defendants violated the minimum wage and overtime provisions of the statute between August 2009 and December 2010.

1)      Minimum Wage

Employer-Defendants argue that, beginning in August 2009, they complied with the minimum wage provision of the FLSA by paying Plaintiffs a salary, which they contend was properly off-set by tip and meal credits.  In response, Plaintiffs argue that the tip and meal credit exceptions upon which employer-Defendants rely require a demonstration by the employer-Defendants that they have complied with the provisions' specific statutory requirements and that employer-Defendants have failed to satisfy this burden.

Under the FLSA, an employer is permitted to pay tipped employees at an hourly rate below the minimum wage if the employees' wages and tips, added together, meet or exceed the minimum wage proscribed in the statute.  29 U.S.C. § 203(m).  However, before an employer can take advantage of this tip credit provision, it must inform the employee of the statutory requirements related to the credit tip **and** allow the employee to keep all tips received, with an exception made for the pooling of tips among employees who regularly receive tips.  *Id.*; *see Su v. Guang Yang Li*, No. 10-5268, 2011 U.S. Dist. LEXIS 84168 at *15 (D.N.J. Aug. 1, 2011); *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322 (1ˢᵗ Cir. 1992) (requiring restaurant to compensate employees for the full minimum wage without any tip-credit after determining that

9

restaurant failed to give notice of tip-credit provision to employees).  Employers bear the burden

of showing that they have satisfied these requirements and "if the employer cannot show that it

has informed employees that tips are being credited against their wages, then no tip credit can be

taken and the employer is liable for the full minimum-wage."  *Reich v. Chez Robert, Inc.*, 28 F.3d

401, 403 (3d Cir. 1994).  Furthermore, the FLSA allows employers to deduct from an employee's

wages the "reasonable cost" of meals they customarily furnish to that employee.  29 U.S.C. §

203(m); 29 C.F.R. § 531.29.  The reasonable cost of meals cannot be more than the actual cost

and must not include any profit to the employer.  29 C.F.R. § 531.3.  Employers do not need to

keep itemized records of the cost of furnishing meals to individual employees, but they must

"maintain records to substantiate the cost of furnishing a class of non-cash benefits under §

203(m).  29 C.F.R. § 516.27(a).  "[T]he burden of proving that a deduction from wages

represents the reasonable cost of the meals furnished is on the employer."  *Herman v. Collis*

*Foods, Inc.*, 176 F.3d 912, 920 (6th Cir. 1999); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d

468, 475 (11th Cir. 1982).

      Here, Plaintiffs testified that employer-Defendants never notified them that they would be

taking a tip credit and attested that employer-Defendants charged them the full retail cost for all

meals they consumed at Century City Buffet and Restaurant.  In their opposition brief, employer-

Defendants have not provided any evidence that they furnished Plaintiffs with notice that they

were taking a tip credit, nor have they offered any records to substantiate that they only deducted

the reasonable cost of meals from Plaintiffs' wages.  Because of the abject failure on the part of

the employer-Defendants to demonstrate that they fall within either the tip or meal credit

exception, Plaintiffs are entitled to summary judgment on their minimum wage claim against

employer-Defendants from August 2009 to December 2010.

2)    Overtime

In response to Plaintiff's assertion that employer-Defendants' failed to pay them overtime from August 2009 through December 2010, employer-Defendants simply argue that Plaintiffs did not work the hours that they claim to have worked.  The FLSA requires every employer to keep records of the "wages, hours, and other conditions and practices" of its employees.  29 U.S.C. § 211(c).  Regulations advanced pursuant to Section 11(c) of the FLSA require employers to keep, *inter alia,* payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours.  *See* 29 C.F.R. 516.2; *see also Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 127 (3d Cir. 1984).  These payroll records must be preserved for three years.  29 C.F.R. 516.5.  An employer's failure to comply with these record-keeping provisions has important ramifications for an employee's burden of proof in an FLSA action.

The Third Circuit has consistently followed Supreme Court precedent in recognizing that "[A]n employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty under [29 U.S.C. § 211(c)] to maintain accurate records."  *Tri-County Growers*, 747 F.2d at 128; *see Martin v. Selker Bros.*, 949 F.2d 1286, 1297 (3d Cir. 1991) ("The burden of any consequent imprecision from the absence of an employer's records must be borne by that employer").  Thus, while no *per se* liability arises from an employer's failure to maintain its section 11(c) payroll records, the Supreme Court has stated that such a failure necessitates applying a burden shifting analysis to militate against making an employee's burden of proof an

11

impossible one. *Mt. Clemens*, 328 U.S. 680 at 687.  When an employer cannot come forward

with payroll records that are adequate to satisfy section 11(c), an employee satisfies the burden of

proof if he or she produces enough evidence to permit a court to make a "fair and reasonable"

inference that the employee performed work for which he or she received improper

compensation.  *Id.*; *Tri-County Growers*, 747 F.2d at 128 ("The employee need only introduce

enough evidence to support a reasonable inference of hours worked.").  Once satisfied, the

burden shifts to the employer, who must provide evidence that sets forth the "precise amount of

work performed" or that otherwise "negatives the reasonableness of the inference to be drawn

from the employee's evidence." *Mt. Clemens*, 328, U.S. at 687.  If the employer cannot satisfy

its burden, a court may then award an employee damages, even though "the result may only be

approximate."  *Martin*, 949 F.2d at 1297 (quoting *Mt. Clemens*, 328 U.S. at 687).

 This Court finds that Plaintiffs have proffered sufficient evidence to be granted summary

judgment on their FLSA overtime claim.  A plaintiff's sworn testimony in and of itself is

sufficient to meet the "just and reasonable inference" standard. *See id.*; *see also Marshall v. Van

Matre*, 634 F.2d 1115, 1119 (8th Cir. 1980).  Here, Plaintiffs and Defendant Lam have testified

that Plaintiffs regularly worked 11 to 12 hours days six days per week, totaling a minimum of 68

hours worked weekly.  Plaintiffs and Defendant Lam further attested that Plaintiffs never

received any overtime pay for this work.  In their opposition brief, the employer-Defendants

admonish Plaintiffs for not specifically indicating the dates and times that they were not

compensated for their work.  However, "precision" is the cross the employer must bear when it

does not comport with its section 11(c) record-keeping duty.  *See Mt. Clemens*, 328 U.S. at 687.

"Unless the employer can provide accurate estimates, it is the duty of the trier of facts to draw

whatever inferences can be drawn from the employee's evidence[.]" *Id.* at 693. Thus, Plaintiffs can meet their initial burden of proof by relying on their testimony. *See Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702 (3d Cir. 1994).

"[T]he major principle of *Mt. Clemens* [is] that, once [the plaintiff's] prima facie case is made, the burden shifts to the employer to dispute it with precise evidence of hours worked." *See Martin*, 949 F.2d at 1298. With the Plaintiffs having satisfied the first prong of *Mt. Clemens*, it is the employer-Defendants' burden to "negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 1297. The employer-Defendants have not come forward with the accurate and detailed records needed to defeat the inference, which a reasonable trier of fact may draw from Plaintiffs' evidence. *See id.* As such, Plaintiffs' motion for summary judgment on their overtime claim against employer-Defendants from August 2009 to December 2010 will be granted.

d.    *NJWHL Claims*

Because the NJWHL record-keeping, overtime compensation, and minimum wage requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing the FLSA are applicable. *See Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 383-385 (N.J. Super. App. Div. 2005) (construing similar "executive employee" provisions); *see, e.g.*, N.J.S.A. § 34:11-56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]"). As such, this Court's analysis under the *Mt. Clemens* burden shifting framework set forth in section II.B.1.c of this Opinion is germane to Plaintiffs'

13

allegations of state law overtime compensation and minimum wage violations.  Thus, Plaintiffs'

motion for summary judgment on their NJWHL cause of action is granted for the same reasons

this Court grants Plaintiffs' motion for summary judgment on their FLSA claims.

e. <em>Damages</em>

In their motion for partial summary judgment, Plaintiffs move for damages on their FLSA

and NJWHL claims, seeking a total of $739,947.93.  The Court recognizes that where a

defendant fails to maintain proper records pursuant to 29 U.S.C. § 11(c), a court may award an

employee damages, even though "the result may only be approximate."  <em>Martin</em>, 949 F.2d at 1297

(quoting <em>Mt. Clemens</em>, 328 U.S. at 687).  However, this Court concludes that there are still

substantial questions of fact as to whether or not the Plaintiffs' asserted approximations are

accurate and finds that these material factual issues regarding the calculation of damages can not

be resolved on summary judgment.  Accordingly, Plaintiffs' summary judgment on this issue will

be denied.

2.   <u>Plaintiffs' Conversion Claim</u>

Plaintiffs also move for summary judgment on their conversion claim.  While the Third

Circuit has not directly addressed the question of whether the FLSA preempts state common law

causes of action, courts have held that claims brought under state common law and "directly

covered" by the FLSA must be brought under the FLSA.  <em>See Kronick v. Bebe Stores, Inc.</em>, No.

07-4514, 2008 U.S. Dist. LEXIS 74967 at *10-11 (D.N.J. Sept. 29, 2008); <em>Moeck v. Gray Supply</em>

<em>Corp.</em>, No. 03-1950, 2006 U.S. Dist. LEXIS 511 at *4 (D.N.J. Jan. 5, 2006).  In assessing

whether state common law claims are "directly covered" by the FLSA, courts look to the basis of

the claims, in particular whether the "common law claims are based on the same facts and

14

circumstances as [the] FLSA claims." *Kronick*, 2008 U.S. Dist. LEXIS 74967 at *11. Here, the factual allegation in support of Plaintiffs' conversion claim is premised entirely upon their FLSA claims; that Defendants "converted" Plaintiffs' property by unlawfully expropriating Plaintiffs' tips. Because Plaintiffs fail to distinguish the underlying factual predicate of their FLSA claims with that of their conversion claim, summary judgment on this claim will be granted in Defendants' favor.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment will be granted in part and denied in part. An appropriate form of order will be filed together with this Opinion.

 s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: January 12, 2012